UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ABREU,<br><br>        Petitioner,<br><br>    v.<br><br>R. BINKELE,<br><br>        Respondent. | Case No. 17-cv-00117-JCS (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. No. 9 |

## INTRODUCTION

This federal action was filed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, that is, as a challenge to the lawfulness or duration of petitioner incarceration.[1] A review of the petition, however, shows that petitioner sets forth claims regarding the conditions of his confinement, specifically about the amount of food served in prison. If he prevails on such claims it will not necessarily affect the length of his incarceration. This means that his claim is not the proper subject of a habeas action, but must be brought as a civil rights case under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891–92 & n.1 (9th Cir. 1979) (affirming

---

[1] Petitioner consented to magistrate judge jurisdiction. (Docket No. 8.) The magistrate judge, then, has jurisdiction to issue this order, even though respondents have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

In an appropriate case a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the *Wilwording* case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $400 ($350 if IFP status is granted) and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted *in forma pauperis* status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. § 1915(b). Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these changes in the law, this federal action is DISMISSED without prejudice to petitioner filing a civil rights action if he wishes to do so in light of the above.

Petitioner's motion to proceed *in forma pauperis* (Docket No. 9) is GRANTED.

The Clerk shall terminate Docket No. 9, enter judgment in favor of respondent, and close the file.

IT IS SO ORDERED.

Dated: February 14, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARMANDO ABREU,

    Plaintiff,

v.

R BINKELE,

    Defendant.

Case No. 17-cv-00117-JCS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 14, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Armando Abreu ID: # H-16924
Salinas Valley State Prison
P. O. Box 1050
Soledad, CA 93960-1050

Dated: February 14, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Karen Hom, Deputy Clerk to the
Honorable JOSEPH C. SPERO

3